UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DORIAN D. BENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 14-2228 |
| | ) |
| K-9 OFFICER REED, | ) |
| TOOD BOLES | ) |
| | ) |
| Defendants. | ) |

MERIT REVIEW OPINION

Plaintiff, proceeding pro se, has brought this civil rights action pursuant to 42 U.S.C. §1983. The matter comes before this Court for merit review under 28 U.S.C. § 1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff alleges that defendants, both Charleston Police Officers, violated his constitutional rights during an arrest for Resisting Arrest and Reckless Conduct. Specifically, Plaintiff alleges that the use of a police K-9 during the arrest constituted excessive force and, as a result, Plaintiff suffered physical and psychological injuries. According to the complaint, defendants testified to the facts surrounding these charges and arrest at a probation revocation hearing. The charges were subsequently dismissed after Plaintiff's probation was revoked and Plaintiff was thereafter sentenced to the Illinois Department of Corrections. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If it would, a plaintiff has no cause of action under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or

impugned by the grant of a writ of habeas corpus." *Id*. at 489. This requirement "is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief—challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute." *Nelson v. Campbell*, 541 U.S. 637, 647 (2004).

As a general rule, a claim for excessive force does not "necessarily imply" the validity of an underlying conviction or judicial finding that a person violated his probation. *See McCann v. Neilson*, 466 F.3d 619, 621 (7th Cir. 2011) (citing *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006)). However, a civil suit under Section 1983 may still be barred if a plaintiff makes allegations inconsistent with the validity of the underlying findings. *See McCann*, 466 F.3d at 622 (citing *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)); *Johnson v. City of Chi. Police Dep't*, No. 09 C 4240, 2011 WL 2110141, at *5 (N.D. Ill. May 20, 2011) (holding a guilty plea to a probation revocation for same offense is a complete bar to a § 1983 lawsuit). Thus, the relevant inquiry is whether the complaint contains allegations that necessarily imply the invalidity of the finding that Plaintiff violated his probation. The Court finds that it does.

Under Illinois law, a person commits the offense of Resisting Arrest when he or she "knowingly resists or obstructs the performance by one known to the person to be a peace officer . . . of any authorized act within his or her official capacity." *See* 720 ILL. COMP. STAT. 5/31-1 *et. seq*. (2012). The Illinois Supreme Court has held, and the 7th Circuit has recognized, that to be guilty of Resisting Arrest in Illinois, the resistance must be physical. *See Payne v. Pauley*, 337 F.3d 767, 776 (7th Cir. 2003) ("It is well settled under Illinois law . . . that the resistance must be physical…." (citations omitted)); *People v. Weathington*, 411 N.E.2d 862, 863 (Ill. 1980) (holding that resisting arrest requires a physical act, "such as going limp, forcefully

resisting arrest or physically aiding a third party to avoid arrest." (internal citations omitted)).  In his complaint, Plaintiff alleges that he was not acting in a threatening manner and that he was compliant with the defendants' commands.  Plaintiff has alleged facts that, if true, would be inconsistent with the finding that Plaintiff committed a physical act that constituted the offense of Resisting Arrest.  Thus, Plaintiff's claim under § 1983 would not be cognizable until Plaintiff has successfully challenged the revocation through a writ of habeas corpus.  Plaintiff has not done this, and therefore Plaintiff's claims cannot survive merit review under § 1915A.

**IT IS THEREFORE ORDERED that:**

> **1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   This case is closed. All pending motions are denied as moot.**
>
> **2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.**
>
> **3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**
>
> **4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 6th day of January, 2015.


_____*s/James E. Shadid*_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE